**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE:<br><br>RONALD GEORGE MORAIN,<br><br>                                    Debtor. | Case No. 23-11267 SAH<br>(Chapter 7) |
| TEAGUE & WETSEL, PLLC;<br><br>                                    Plaintiff,<br><br>vs.<br><br>RONALD GEORGE MORAIN,<br><br>                                    Defendant. | Adv. Pro. No. 23-1034 SAH |

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH BRIEF IN SUPPORT WITH NOTICE OF OPPORTUNITY FOR HEARING**

Comes Now, Ronald George Morain ("Morain" or "Debtor" or "Defendant") and seeks dismissal of Plaintiff's *Amended Complaint* [Doc. # 5] filed August 15, 2023 (the "*Amended Complaint*") pursuant to Fed. R. Civ. P. 8, incorporated by Fed. R. Bankr. P. 7008, (collectively "Rule 8"), Fed. R. Civ. P. 9, incorporated by Fed. R. Bankr. P. 7009 (collectively "Rule 9") and Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012 (collectively "Rule 12(b)(6)").

**FACTUAL BACKFROUND**

On May 16, 2023, Debtor filed a voluntary Chapter 7 Petition, thereby commencing this bankruptcy case. On August 10, 2023, Plaintiff filed a *Complaint* objecting to Debtor's discharge and commencing this adversary proceeding.[1] On August 15, 2023, Plaintiff filed the *Amended*

---

[1] On August 7, 2023, Plaintiff filed a Motion For Relief From Automatic Stay in the underlying main bankruptcy case [Doc. 11]. On August 8, 2023, the Court entered an Order striking the Motion for failure to comply with Local Rule 9013-1.G [Doc. 12]. On August 9, 2023, Plaintiff filed another Motion For Relief From Automatic Stay in the

*Complaint*. The *Amended Complaint* is titled *Amended Complaint To Determine Dischargeability Of Debt And Objection To Discharge*. Accordingly, it appears from the title of the *Amended Complaint* that Plaintiff is asking the Court to determine that its debt is nondischargeable. But, the body of the *Amended Complaint* contains literally no facts to support Plaintiff's request that the Court determine that its debt is nondischargeable. In summary the *Amended Complaint* states:

1. Plaintiff and Debtor entered into a contract for Plaintiff to represent Debtor in a state court lawsuit;

2. Debtor owes Plaintiff $96,184.09 for such representation;

3. Debtor agreed to a consensual lien to secure payment;

4. Plaintiff has a consensual lien on the "Collateral" without defining the Collateral[2];

5. The Collateral has no equity and is not necessary for a reorganization;

6. Plaintiff will suffer irreparable loss if the automatic stay is not lifted;

7. Debtor has claimed the Collateral as exempt;

8. Plaintiff is entitled to an order modifying the automatic stay;

9. Debtor cannot provide adequate protection;

10. Plaintiff's claim is exempt from discharge pursuant to 11 U.S.C. § 522(C);

11. Plaintiff's consensual lien on the Collateral may not be avoided by §§ 544, 545, 547, 548, 549 or 724(a);

---

underlying main bankruptcy case [Doc. 13]. On August 9, 2023, the Court entered an Order striking the Motion for failure to comply with Local Rule 9013-1.G and Local Rule 9013-1.B [Doc. 14].

[2] Based on the Motion For Relief From Automatic Stay and Amended Motion For Relief From Automatic Stay, Debtor assumes the Collateral is his homestead. Although not at issue here, Debtor disputes that Plaintiff has a valid consensual lien on his homestead.

12. The Court should lift the automatic stay, order the Collateral to be abandoned or, in the alternative, the Court should order Debtor to provide adequate protection and the Court should determine that pursuant to 11 U.S.C. § 361(3) and 522(c) that Plaintiff has a secured claim and that Plaintiff is entitled to enforce its security interest "after this bankruptcy is finished."

If every "fact" as alleged above is true, Plaintiff still has not set forth any allegation supporting its request that the Court determine that its debt is nondischargeable. Accordingly, the Court should dismiss the *Amended Complaint*. [3]

## BRIEF IN SUPPORT

**A.   Standard For Dismissing the *Complaint*.**

Plaintiff bears the burden to frame the *Amended Complaint* with enough factual matter to suggest that it is entitled to relief. See, *Robbins v. Oklahoma ex rel. Okla. Dep't of Human Serv.*, 519 F.3d 1242, 1247 (10th Cir. 2008). To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, Plaintiff "…must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" See, *Barenburg v. Burton* (*In re Burton*), 2010 WL 3422584 (10th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard requires that factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. *Twombly*, 550 U.S. at 555; see also, *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the

---

[3] The *Amended Complaint* does not contain any facts to support a request for the Court to determine that Plaintiff's debt is nondischargeable. A typical Complaint would have allegations that Debtor obtained money by false pretenses(523(a)(2)(A)), committed fraud or defalcation while acting in a fiduciary capacity (523(a)(4)) or willfully and maliciously injured Plaintiff or its property (523(a)(6)). The *Amended Complaint* is completely devoid of any relevant facts.

court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised). Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. *Twombly*, 550 U.S. at 555.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly,* to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247 (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248. The Tenth Circuit has instructed "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and whether a defendant receives fair notice "depends on the type of case." *Robbins*, 519 F.3d at 1248.

The *Amended Complaint* asks the Court to determine that Plaintiff's debt is non-dischargeable, determine the amount it is owed ($96,184.09), including interest ($12,121.30), costs and fees and an for order directing that "…appropriate execution against Debtors for the amount…" of the debt. The *Amended Complaint* references 11 U.S.C. §§ 361, 522, 523, 544, 545, 547, 548, 549, 724(a) and 522(c)(2). Out of these ten (10) sections only 523 applies to a nondischargeability action. But even assuming Plaintiff is asking the Court and Debtor to assume that 523 is the applicable section, the *Amended Complaint* does not cite what subsection applies.

The *Amended Complaint* is a poorly plead, shotgun approach filled with largely irrelevant facts. However, Courts within the Tenth Circuit:

"strongly criticize[ ] the use of 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors," as such method "places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim." *Goode v. Nuance Commc'n, Inc.*, 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018) (quoting *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242-43 (D. Colo. 2014)); see also, *Williams v. Berryhill*, 2018 WL 2234902, at *2 n.17 (D. Utah May 16, 2018); *Cook v. Baca*, 2011 WL 13157059, at *3 n.1 (D. N.M. July 8, 2011); *Allbrandt v. Bank of Am., N.A.*, 2015 WL 1186660, at *7 (D. Colo. Mar. 12, 2015).

To state a claim, the *Amended Complaint* must explain who is being sued, the specific claims being asserted, the specific facts supporting each claim, and what Debtor did that violated Plaintiff's rights. See, *Perrian v. Coons*, 2015 WL 1539022, *6 (D. Colo. 2015) (citing *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007)). Plaintiff did not do this; instead, the *Amended Complaint* "foists off one of the pleading lawyer's critical tasks – sifting a mountain of facts down to a handful of those that are relevant to a given claim – onto the reader." *Allbrandt*, 2015 WL 1186660, at *7 (quoting *Int'l Acad. Of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013)).

The *Amended Complaint* is a disorganized array of facts that do not support Plaintiff's request to determine that its debt is nondischargeable. Debtor requests the Court dismiss the *Amended Complaint*.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14* days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response is timely filed, the Court may grant the requested relief without a hearing or further notice.

**\*The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

WHEREFORE, PREMISES CONSIDERED, Ronald George Morain seeks dismissal of Plaintiffs' *Amended Complaint* [Doc. # 5] filed August 15, 2023, pursuant to Fed. R. Civ. P. 8, incorporated by Fed. R. Bankr. P. 7008, (collectively "Rule 8"), Fed. R. Civ. P. 9, incorporated by Fed. R. Bankr. P. 7009 (collectively "Rule 9") and Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012 (collectively "Rule 12(b)(6)"), and for such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

/s/ Gary D. Hammond
Gary D. Hammond, OBA# 13825
HAMMOND LAW FIRM
512 N.W. 12th Street
Oklahoma City, OK 73103
405.216.0007 - Phone
405.232.6358 - Fax
gary@okatty.com - Email
**Attorney for Ronald George Morain**

- 7 -

## CERTIFICATE OF SERVICE

      I certify that on September 7, 2023, I electronically transmitted this document to the Clerk of the Court using the ECF System for filing, and the foregoing document has been electronically served on that day via CM/ECF on the following:

Cody Kerns, Counsel for Plaintiff

                                        /s/ Gary D. Hammond
                                        Gary D. Hammond