**Dated: September 29, 2023**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RONALD GEORGE MORAIN, | ) | Case No. 23-11267-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TEAGUE & WETSEL, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 23-01034-SAH |
| | ) | |
| RONALD GEORGE MORAIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS AMENDED COMPLAINT WITH BRIEF IN SUPPORT
<u>WITH NOTICE OF OPPORTUNITY FOR HEARING [DOC. 8]</u>**

The following are before the Court for consideration:

1. Amended Complaint to Determine Dischargeability of Debt and Objection to Discharge [Doc. 5], filed on August 15, 2023 (the "Complaint"), by plaintiff Teague & Wetsel, PLLC ("Plaintiff");

2. Defendant's Motion to Dismiss Amended Complaint with Brief in Support with Notice of Opportunity for Hearing [Doc. 8], filed on September 7, 2023 (the "Motion"), by defendant Ronald George Morain ("Debtor"); and

3. Plaintiff/Creditor Teague and Wetsel, PLLC's Response and Objection to Defendant/Debtor Ronald George Morain's Motion to Dismiss Amended Complaint with Brief in Support [Doc. 11], filed on September 18, 2023 (the "Response"), by Plaintiff.

## Background

This adversary proceeding arises from a legal representation agreement between Plaintiff and Debtor. As part of the agreement, Debtor consented to a lien on certain real property. Plaintiff now seeks a determination that the debt owed under the agreement is nondischargeable.[1] Debtor argues for dismissal of the Complaint as it fails to identify any statutory basis for nondischargeability. Plaintiff responds it has alleged sufficient facts for the Court to find the claim is excepted from discharge based upon Plaintiff's consensual lien. However, a consensual lien does not provide a basis for excepting a debt from discharge. For these reasons set forth more fully below, the Complaint will be dismissed.

## Jurisdiction

The Court has jurisdiction to hear the Amended Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this

---

[1]Although the Complaint is titled "Amended Complaint to Determine Dischargeability of Debt and Objection to Discharge," the Complaint contains no reference to an objection to Debtor's discharge nor does it cite to Section 727, the statute governing denial of discharge. The Court, therefore, assumes Plaintiff inadvertently included "Objection to Discharge" in the title. Even if Plaintiff intended to assert a claim under Section 727, it entirely failed to do so and such claim would be dismissed for failure to meet the Rule 8 minimal pleading standards as discussed below.

matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## Standards for Motion to Dismiss

A plaintiff bears the burden to frame a complaint with enough factual matter to suggest that he or she is entitled to relief. Robbins v. Oklahoma ex rel. Okla. Dep't of Human Serv., 519 F.3d 1242, 1247 (10th Cir. 2008). To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" Barenburg v. Burton (In re Burton), 2010 WL 3422584, at *2 (10th Cir. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard requires that factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. Twombly, 550 U.S. at 555; see also, Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised). Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. Twombly, 550 U.S. at 555.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in Twombly, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." Robbins, 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Robbins, 519 F.3d at 1247 (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly

3

(not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Robbins, 519 F.3d at 1248. The Tenth Circuit has instructed that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." Robbins, 519 F.3d at 1248.

## Statement of Facts

The Court must accept the "well-pleaded allegations of the [Complaint] as true and view them in the light most favorable" to Plaintiff. Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 700 (10th Cir. 2014). Accordingly, the relevant, non-conclusory[2] facts are:

1. On November 19, 2015, Debtor executed and delivered to Plaintiff a certain Legal Representation Agreement (the "Agreement") under which Debtor agreed to pay Plaintiff the amounts due under the Agreement with interest. To secure the payment of the indebtedness, Debtor consented to a lien on real property, located at 4701 Tanglewood Court, Norman, Oklahoma 73072 (the "Collateral").

2. Plaintiff recorded the consensual lien on April 7, 2022, in the records of the Cleveland County Clerk, State of Oklahoma.

---

[2]The Court takes as true all well-pled, as opposed to conclusory, allegations of the Complaint. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing Twombly, 550 U.S. at 570)).

4

3. Plaintiff's claim in this proceeding is based on the Agreement. Plaintiff is the current owner of the Agreement. Absent exempting Plaintiff's claim from discharge, Debtor cannot provide adequate protection to protect Plaintiff's interest in the Property.

4. According to the Agreement, Plaintiff is entitled to monetary relief in the amount of $96,184.09; plus accrued interest through June 13, 2023, in the amount of $12,121.30; plus interest accruing at the rate of 18.00% per year ($51.58 per day); reasonable attorney's fees; and costs of this action. Plaintiff litigated this matter against Debtor in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2022-1914.

5. These amounts are a consensual lien on the Collateral subject only to M&T Mortgage. According to the Agreement, Plaintiff is entitled to foreclose and sell the Collateral to satisfy the debts Debtor incurred under the Agreement.

6. After considering all secured claims against the Collateral, including Plaintiff's secured claim, the Collateral does not help the bankruptcy estate. Debtor has no equity in the Collateral, or the equity is of such insignificant amount that there is no value to the bankruptcy estate; the Collateral is unnecessary for an effective reorganization; and the Collateral should be abandoned so Plaintiff may commence the foreclosure of its lien upon the Collateral in accordance with the Agreement. Debtor claims the Collateral is exempt property and is worth $123,748.00. In any event, Debtor failed to include Plaintiff's security interest against the Collateral. Counting all outstanding security interests in the Collateral, Debtor has no equity in the Collateral. The total of Plaintiff's security interest and M&T Bank's mortgage is worth substantially more than the value of the Collateral.

7. Plaintiff will suffer irreparable injury, loss, and damage unless the automatic stay is lifted so as to permit Plaintiff to commence its foreclosure action, or in the alternative, Debtor is required to provide Plaintiff with adequate protection of its interest in the Collateral by exempting Plaintiff's claim from discharge.

8. Debtor has claimed the Collateral as an exempt asset.

9. Based on information and belief, Plaintiff believes Debtor cannot provide traditional adequate protection for Plaintiff's interest in the Collateral. Plaintiff's interest in the Collateral arose and was filed more than a year before Debtor filed the Petition for Chapter 7 bankruptcy here.

10. Debtor states that Plaintiff is an unsecured creditor, but Plaintiff is a secured creditor with a consensual lien on the Collateral.

## DISCUSSION

Plaintiff's Complaint seeks a determination by the Court that the debt owed to Plaintiff is nondischargeable yet it identifies no statutory basis for nondischargeability under Section 523 – the statute governing exceptions to discharge. Plaintiff has, therefore, failed to meet the minimal Rule 8 standards of pleading, and the Complaint will be dismissed.

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (made applicable by Fed. R. Bankr. P. 7008). Rule 8's mandate has been incorporated in the Rule 12(b)(6) inquiry, thus failure to meet the minimal Rule 8 standard requires dismissal. U.S. ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163, 1171 (10th Cir. 2010). "Rule 8 serves the important function of enabling the court and the defendant to know what claims are being asserted and to determine how to respond

to those claims." Tuttamore v. Lappin, 429 F. App'x 687, 689 (10th Cir. 2011). To state a claim, therefore, a complaint must explain who is being sued, ***the specific claims being asserted, the specific facts supporting each claim***, and what each defendant did that violated the plaintiff's rights. Perrian v. Coons, 2015 WL 1539022, *6 (D. Colo. 2015) (citing Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)). Plaintiff did not do this; instead Plaintiff utilizes "shotgun pleading," simply listing several statutes under which Plaintiff seeks relief but failing to identify what claims it is asserting under each statute or the facts supporting such claims. Courts within the Tenth Circuit:

> "strongly criticize[ ] the use of 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors," as such method "places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim."

Goode v. Nuance Commc'n, Inc., 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018) (quoting Greenway Nutrients, Inc. v. Blackburn, 33 F. Supp. 3d 1224, 1242-43 (D. Colo. 2014)); see also Williams v. Berryhill, 2018 WL 2234902, at *2 n.17 (D. Utah May 16, 2018); Cook v. Baca, 2011 WL 13157059, at *3 n.1 (D. N.M. July 8, 2011); Allbrandt v. Bank of Am., N.A., 2015 WL 1186660, at *7 (D. Colo. Mar. 12, 2015).

In the Complaint, Plaintiff generally cites to Sections 361, 506(d), 522, 523, 544, 545, 547, 548, 549, and 724(a) as the basis for its claims. Plaintiff attempts to connect its facts to only one of the statutes cited, alleging its "claim against Debtor is exempt from discharge pursuant to [Section] 522(c)." Complaint, 5. However, Section 523 governs exceptions to discharge,

Section 522 does not. Further, not only does Plaintiff fail to identify a single subsection of Section 523 as grounds for its claims, it also fails to allege any facts that would support a finding of nondischargeability. The Complaint simply alleges: Plaintiff and Debtor have an Agreement under which Debtor granted a consensual lien on the Collateral, Debtor has no equity in the Collateral, and Debtor claims the Collateral as exempt but fails to include Plaintiff's security interest instead identifying Plaintiff as an unsecured creditor. Plaintiff's allegations indicate no grounds for nondischargeability, and Plaintiff makes no effort to identify the applicable subsection of Section 523[3] pursuant to which the alleged facts support a claim for relief.

It is "not the [Court's] job to stitch together cognizable claims for relief from a wholly deficient pleading." Carbajal v. City & Cnty. of Denver, 502 F. App'x 715, 716 (10th Cir. 2012) (citing Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007)). Furthermore, Debtor "is entitled to have any claims against [him] be intelligibly stated so [he] is informed of the legal claims being asserted and the factual basis therefor." White v. White (In re White), 20-12251-SAH, 2021 WL 450992, at *4 (Bankr. W.D. Okla. Feb. 8, 2021) (citing Carbajal, 502 F. App'x at 716 ). Plaintiff has failed to give notice of "what claims are being asserted" rendering it impossible for Debtor "to determine how to respond to those claims." Tuttamore, 429 F. App'x at 689. Consequently, the Complaint must be dismissed.

Plaintiff's Response shows it has missed the point. Plaintiff argues it has alleged sufficient facts to show its claim is nondischargeable, but then goes on to state Plaintiff "is entitled to an order finding that its *consensual lien is not dischargeable.* This finding is

---

[3]Section 523 contains 19 separate subsections, each of which gives rise to a separate claim for relief.

necessary to avoid any misconception about the status of [Plaintiff's] consensual lien, which survives discharge."  Response, 2.  The Response goes on to state "[Plaintiff] demands that its consensual lien be specifically found as surviving [Debtor's] Chapter 7 bankruptcy in full and that *its entire claim be exempt from discharge*."  Response, 5.  It appears to the Court Plaintiff misunderstands the survival of a lien under Section 522 and nondischargeability of a claim under Section 523.  The Court encourages Plaintiff to gain a complete understanding of these statutes prior to amending its Complaint.

## CONCLUSION

For the reasons set forth above, the Motion is GRANTED.  The Complaint is dismissed without prejudice and Plaintiff is granted leave to file an amended complaint within 21 days after entry of this Order.

IT IS SO ORDERED.

# # #